UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE SUAREZ,

    Plaintiff,

v.

CITY OF WARREN, ET AL.,

    Defendants.
_____/

Case No. 17-cv-12623

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTIONS IN LIMINE [#31, 32] WITHOUT PREJUDICE**

**I. INTRODUCTION**

Plaintiff Jose Suarez initiated this employment discrimination action on August 10, 2017. Dkt. No. 1. The jury trial in this case is set to begin on December 10, 2018.

Present before the Court are Plaintiff's Motions in Limine [#31, 32]. A Hearing on Plaintiff's Motions was held on December 6, 2018. For the reasons stated on the record and set forth below, the Court will GRANT Plaintiff's Motions [#31, 32] WITHOUT PREJUDICE.

**II. BACKGROUND**

Plaintiff is a forty-five-year-old male of Cuban descent who began working for the City of Warren Fire Department in 2013. Dkt. No. 24, p. 4 (Pg. ID 149).

-1-

On June 20, 2013, he was transferred to unit 1 station 4 of the Department, where he was supervised by Captain Steve Sitek. *Id.* During Plaintiff's time in this unit, Captain Sitek allegedly referred to Plaintiff using derogatory names, such as "pussy" and "faggot." *Id.* at p. 5 (Pg. ID 150). In addition, a fellow firefighter by the name of Joel Ricketts allegedly acted openly hostile towards Plaintiff. *Id.*

On August 10, 2014, Plaintiff was transferred to unit 1 station 1, where he was supervised by Captain Paul Lesnau and again worked alongside Firefighter Ricketts. *Id.* Firefighter Ricketts allegedly resumed his hostility towards Plaintiff, and when Plaintiff complained, Captain Lesnau did nothing to intervene. *Id.* at p. 6 (Pg. ID 151).

In April 2015, Plaintiff was transferred back to unit 1 station 4, where Captain Sitek was still the supervisor. *Id.* While there, Plaintiff also worked under Defendant Lieutenant James Selakowski. *Id.* Plaintiff alleges that from April 2015 until January 2017, Defendant Selakowski would regularly refer to Plaintiff as "the all-around nigger." *Id.*

Eventually, Captain Ron Laszczak replaced Captain Sitek as Plaintiff's supervisor. *Id.* Still, Defendant Selakowski allegedly continued to call Plaintiff derogatory names, and other members of station 4, including FEO Rob Loring, joined in as well. *Id.* Plaintiff also alleges Defendant Selakowski threatened him

with physical violence after Plaintiff reported these incidents. *Id.* at p. 7 (Pg. ID 152).

On January 2, 2017, Plaintiff formally complained about these incidents in writing to Defendant City of Warren's administrative offices. *Id.* Following this, Plaintiff was transferred to unit 3 station 1. *Id.* This, however, did not prevent Plaintiff from facing scrutiny from supervisors and co-workers. *Id.*

Plaintiff alleges that Defendant Fire Commissioner Wilbur "Skip" McAdams instructed members of the City of Warren's Fire Department to record any instances of Plaintiff's conduct that could be used to cast Plaintiff in a negative light. *Id.* In addition, in May 2017, Plaintiff was allegedly assaulted by fellow Firefighter Mike Owczarek in retaliation for Plaintiff's complaints. *Id.* at p. 8 (Pg. ID 153). Further, Plaintiff alleges Lieutenant Steve Zanin threatened him with disciplinary action if Plaintiff did not drop his discrimination complaint. *Id.*

Ultimately, Plaintiff resigned from the City of Warren Fire Department on July 5, 2017. *Id.* He now brings this action asserting claims for disparate treatment, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964, equal protection claims under the Fourth and Fourteenth Amendments, and an entity liability claim. Dkt. No. 24.

## III. LEGAL STANDARD

A motion in limine refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n.2 (1984). The purpose of these motions is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). In disposing of a motion in limine, the guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio, 2004).

## IV. DISCUSSION

Plaintiff seeks to exclude Defendants from introducing evidence of Plaintiff's juvenile criminal record and evidence of Plaintiff's 2009 bankruptcy. *See* Dkt. No. 31; Dkt. No. 32. The Court will address each matter, in turn, below.

### A. Plaintiff's Juvenile Criminal Record

Plaintiff asks the Court to exclude evidence of two criminal matters that occurred over thirty years ago when Plaintiff was a minor. Dkt. No. 31, p. 2 (Pg. ID 226). The first criminal matter is a marijuana possession charge that Plaintiff resolved via a deferred sentence plea. *Id.* The second criminal matter is a charge of arson. *Id.* Plaintiff pled to the arson charge and spent time in a juvenile

detention facility.  *Id.*  Plaintiff now moves to exclude these convictions as substantive evidence, as character evidence, and for purposes of impeachment.

      1.  <u>Plaintiff's Convictions are Excluded as Substantive Evidence</u>

First, Plaintiff moves to exclude his juvenile convictions as substantive evidence pursuant to Federal Rules of Evidence 401 and 402, arguing these convictions are not relevant to the issues before the Court.  *Id.*  Alternatively, Plaintiff argues his convictions should be precluded under Rule 403 because any probative value is substantially outweighed by the danger of unfair prejudice.  *Id.*

"The standard for relevancy is 'extremely liberal' under the Federal Rules of Evidence."  *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009).  Indeed, Federal Rule of Evidence 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  FRE 401.  Rule 402 adds, "[i]rrelevant evidence is not admissible."  FRE 402.  Finally, Rule 403 provides that the court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  FRE 403.

Here, Plaintiff's Complaint alleges several workplace discrimination claims.  *See* Dkt. No. 24.  Plaintiff's juvenile convictions from over thirty years ago cannot

be said to make any fact of consequence in this action more or less probable. *See* FRE 401. In fact, Defendants have not put forth any arguments for why these convictions bear any relevance on Plaintiff's claims. Accordingly, the Court will exclude Plaintiff's juvenile convictions as substantive evidence under Rule 402.

As an aside, Plaintiff also argues that at least his conviction for marijuana possession should be excluded pursuant to Federal Rule of Evidence 410(a)(2) because his deferred sentence plea for that offense is analogous to a *nolo contendere* plea, and such pleas are inadmissible under Rule 410(a)(2). *See* Dkt. No. 31, p. 3 (Pg. ID 227). Plaintiff provides no case law to support this argument. Nonetheless, it is not necessary for the Court to reach the merits of Plaintiff's argument because any evidence of Plaintiff's juvenile convictions offered as substantive evidence will already be excluded as irrelevant under Rule 402.

    2. <u>Plaintiff's Convictions are Excluded as Character Evidence</u>

Next, Plaintiff moves to exclude his juvenile criminal convictions as character evidence under Federal Rule of Evidence 404(b)(1). *See id.* Rule 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FRE 404(b)(1).

Here, the reading of Rule 404(b)(1) is straightforward and clearly precludes the introduction of Plaintiff's juvenile criminal convictions. Hence, the Court will

preclude the use of Plaintiff's juvenile criminal convictions as character evidence pursuant to Rule 404(b)(1).

### 3. Plaintiff's Convictions are Excluded as Impeachment Evidence

Finally, Plaintiff moves to exclude evidence of his juvenile convictions for purposes of impeachment under Federal Rule of Evidence 609. *See* Dkt. No. 31, pp. 3-4 (Pg. ID 227-28).

Rule 609(a)(1)(A) provides, in relevant part, "for a crime that, in the convicting jurisdiction, was punishable by death or imprisonment for more than one year, the evidence . . . must be admitted, subject to Rule 403, in a civil case." FRE 609(a)(1)(A). Rule 609(a)(2) further provides that "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement." FRE 609(a)(2).

Here, Plaintiff's juvenile convictions for marijuana possession and arson certainly do not involve a dishonest act or a false statement, and thus, would not be admissible for impeachment purposes under Rule 609(a)(2). It is unclear from the record whether Plaintiff's juvenile convictions were punishable by more than one year of imprisonment, and thereby admissible under Rule 609(a)(1)(A). However, this is immaterial because Plaintiff's convictions are more than ten years old. *See* Dkt. No. 31, p. 2 (Pg. ID 226).

Federal Rule of Evidence 609(b) limits the admissibility of impeachment evidence under Rule 609(a). Rule 609(b) provides the following:

> **Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

FRE 609(b). Here, Plaintiff's juvenile criminal convictions took place around 1987 or 1988, which is more than thirty years ago. Dkt. No. 31, p. 2 (Pg. ID 226). Defendants have not presented any specific facts to demonstrate that the probative value of Plaintiff's juvenile convictions substantially outweigh their prejudicial effect. Consequently, the Court will exclude evidence of Plaintiff's juvenile convictions for purposes of impeachment.

### B. Plaintiff's 2009 Bankruptcy

Plaintiff asks the Court to exclude any evidence of his 2009 bankruptcy and evidence of the fact that he did not repay the debts that were discharged when his bankruptcy was finalized. *See* Dkt. No. 32, p. 2 (Pg. ID 234). Plaintiff argues this evidence is inadmissible because it is irrelevant under Rule 402. *See id.* Defendants argue this evidence is relevant to show Plaintiff's motive for filing this lawsuit and that the jury may need to consider this evidence when awarding Plaintiff damages. *See* Dkt. No. 42, p. 3 (Pg. ID 305). The Court will disagree.

As discussed above, this action involves claims of workplace discrimination. Whether Plaintiff filed for bankruptcy in 2009, or attempted to repay his debts, has no relevance to the claims before this Court. Moreover, it is already "beyond dispute that a person who stands to gain financially has a motive to sue, whether or not they are in financial distress." *E.E.O.C. v. New Breed Logistics*, 2013 WL 10129246, at *1 (W.D. Tenn. Apr. 26, 2013). Hence, the Court can find no reason why the jury would need to consider this evidence for any purpose. Accordingly, the Court will exclude all evidence of Plaintiff's 2009 bankruptcy.

### V. CONCLUSION

For the reasons stated herein, the Court will GRANT Plaintiff's Motions in Limine [#31, 32] WITHOUT PREJUDICE. Should circumstances arise during trial that make Plaintiff's juvenile record or 2009 bankruptcy relevant, the Court will be open to hearing further argument.

IT IS SO ORDERED.

Dated:   December 6, 2018

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 6, 2018, by electronic and/or ordinary mail.

                                        s/Teresa McGovern
                                        Case Manager